**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH RICOSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:11-cv-2643 |
| vs. | ) | |
| | ) | |
| H&P CAPITAL, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KEITH RICOSKY, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, H&P CAPITAL, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Canfield, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Florida, which is not licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. During or about of February of 2011, Defendant's representatives, agents and/or employees, including, but not limited to, an individual identified himself as "Steve Bryant" (hereinafter "Bryant"), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt, but failed to identify that the communication was from a debt collectors during the course of every communication with Plaintiff.

9. On or about February 28, 2011, Bryant left a message on Plaintiff's answering machine in attempt to collect the alleged debt, stating that he was with "H.P. and Associates," that he hoped Plaintiff would "take care of the matter voluntarily and not be in trouble over this claim," that he would "hold" Plaintiff's file until 3:00 and then "unfortunately," he would "have to move forward." Bryant further failed to identify that the communication was from a debt collector when leaving this message for Plaintiff.

10. During the course of multiple telephone conversations with Plaintiff on other occasions and/or during other answering machine messages left for Plaintiff at his home telephone number, Defendant's representatives, agents and/or employees:

    a. Threatened Plaintiff with garnishment, property attachment and legal collection proceedings;

    b. Stated that non-payment of the alleged debt was a felony for which Plaintiff could be arrested;

    c. Threatened to turn Plaintiff's file over to the prosecutor's office;

    d. Threatened to take Plaintiff to court to with regard to the alleged debt;

    e. Stated to Plaintiff that if he did not make payment of the alleged debt, he would "be in a lot of trouble."

11. At least one of the aforementioned answering machine messages left at Plaintiff's home telephone number by Defendant's representatives, agents and/or employees was overheard by Plaintiff's daughter who was seven years old at the time and asked Plaintiff what he had done and why he was in trouble.

12. In addition, Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

3

b. Communicating with a person other than Plaintiff and stating that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

c. Falsely representing the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

d. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

e. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages, where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

g. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

h. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

i. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

j. Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g;

  k.  Using a business, company or organization name other than the true name of the Defendnt company, in violation of 15 U.S.C. § 1692e(14); and

  l.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KEITH RICOSKY, respectfully prays for a judgment against Defendant as follows:

  a.  All actual damages suffered;

  b.  Statutory damages of $1,000.00 for each violation of the FDCPA;

  c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  d.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

18. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

19. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, KEITH RICOSKY, respectfully prays for a judgment against Defendant as follows:

    a. Three times all actual damages suffered;

    b. Statutory damages of $200.00 for each violation of the OCSPA;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com